UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE MCLEOD,<br><br>Plaintiff,<br><br>v.<br><br>UPMC CHILDREN'S HOSPITAL OF PITTSBURGH et al.,<br><br>Defendants. | Civil Action No. 21-116 (RK) (DEA)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Steve Mcleod's Motion for a Temporary Restraining Order. ("Pl. Mov. Br.," ECF No. 45.) Plaintiff seeks an order restraining Defendants UPMC Children's Hospital of Pittsburgh, UPMC Children's Community Pediatrics, Megan McGraw, LCSW, and Sapna Parker, M.D.[1] (collectively "Defendants") from providing outpatient mental health treatment to his daughter. (*Id.* at 1–2.) Defendants filed a brief in opposition, ("Def. Opp'n," ECF No. 49), and Plaintiff filed a reply, ("Pl. Reply," ECF No. 52). The Court has considered the submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff also names third-party Amanda Lynn Clark, an employee at UPMC Children's Community Pediatrics, but she is not a defendant in this matter.

I.  **BACKGROUND**

Plaintiff's *pro se* Amended Complaint is difficult to discern. (*See* ECF No. 31.) It appears the action is a byproduct of a contentious family court matter held in Pennsylvania, and includes allegations that the Pennsylvania judge retaliated against Plaintiff during the course of, or related to, that matter. Here, Plaintiff alleges his child's mother made "false allegations of child abuse" and that his minor child received mental health treatment without his consent. (*See id.*)

Like the Amended Complaint, the basis for Plaintiff's Temporary Restraining Order ("TRO") is murky.[2] Read liberally, the Motion seeks the Court to enjoin Defendants from providing Plaintiff's daughter with voluntary outpatient mental health treatment without his consent. (Pl. Mov. Br. at 1–5.) Plaintiff contends that Defendants' treatment and their failure to notify him of same violates his Fourteenth Amendment rights as a parent. (*Id.*) Plaintiff alleges that Defendants have violated his rights "to be inform[ed] and to make decisions" for his child. (*Id.* at 5.) Plaintiff contends that he only learned that Defendants were treating his daughter after he received a notice from her school that she had been absent. (*Id.* at 7.) Plaintiff references past treatment in July 2019 where Plaintiff's child was treated by Defendants. (*Id.* at 8.) While the age of Plaintiff's daughter is not specified, exhibits that Plaintiff attaches to his Motion state that she is over fourteen years old. (*See* ECF No. 45, Ex. B at *28.) In addition, Plaintiff alleges that Defendants are intentionally blocking Plaintiff from having contact with his daughter. (Pl. Mov. Br. at 13.)

---

[2] This matter has a complicated procedural history, which the Court need not discuss for purposes of the subject motion. The Court does note that this matter, originally opened in January 2021, was transferred to the undersigned on May 15, 2023. (ECF No. 46.)

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a district court may issue a temporary restraining order. Fed. R. Civ. P. 65. This is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations and quotation marks omitted). In determining whether to grant a motion for preliminary injunctive relief, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)).

## III. DISCUSSION

The Court resolves the Motion on the first prong without reaching the remaining three. To meet the first prong, a movant "need[] only to show a likelihood of success on the merits (that is, a reasonable chance, or probability, of winning) to be granted relief." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). The movant need not show that it is "more likely than not" to ultimately prevail. *Reilly*, 858 F.3d at 179.

Plaintiff has not established a likelihood of success on the merits in the case at bar because Plaintiff's Motion does not assert a legal cause of action. Under a liberal reading of Plaintiff's TRO application, the Court construes Plaintiff's Motion as alleging a constitutional violation of

his fundamental rights as a parent to raise his child. Plaintiff also alleges violations of various Pennsylvania statutes, including the Mental Health Procedures Act, 50 Pa. Stat. and Cons. Stat. Ann. 7201 *et seq.* and 35 Pa. Stat. and Cons. Stat. Ann. § 10101.1.

Plaintiff first cites the Mental Health Procedures Act ("MHPA"), 50 Pa. Stat. and Cons. Stat. Ann. § 7201 *et seq.*, to support his argument that Plaintiff should have been notified of, and had the right to object to, his daughter's treatment. (Pl. Mov. Br. at 6–7.) Defendants contend that this statute refers to involuntary treatment. (Defs. Opp'n at 6–7.) The Court agrees. This act "establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons." 35 Pa. Stat. and Cons. Stat. Ann. § 7103. As Plaintiff has made no showing or allegation of involuntariness, the MPHA is not applicable.

Plaintiff also cites 35 Pa. Stat. and Cons. Stat. Ann. § 10101.1 to support his claim that he has a right to object to "a minor's voluntary treatment." (Pl. Mov. Br. at 11–12.) Defendants argue that this provision was revised by an amendment effective September 21, 2020. (Defs. Opp'n at 7.) The Court again agrees with Defendants. The current statute states that "[a] minor who is fourteen years of age or older may consent on the minor's own behalf to voluntary inpatient mental health treatment as provided under Article II of the 'Mental Health Procedures Act' or outpatient mental health treatment, and the minor's parent's or legal guardian's consent shall not be necessary." 35 Pa. Stat. and Cons. Stat. Ann. § 10101.1. As such, under the current version of the statute, Plaintiff's child, who, as described above is now above the age of fourteen, does not need Plaintiff's consent.

The Court also takes judicial notice of the final custody order between Plaintiff and the mother of his child from the Family Division of the Court of Common Pleas of Allegheny County,

4

Pennsylvania.[3] The Family Division entered this order following a custody trial after Plaintiff sought to modify, and the Plaintiff's mother sought to enforce, a previous custody order. *See* July 13 Order, *Mcleod v. Jones*, No. FD 06-004537-005. This order explicitly states: "Pursuant to the Pennsylvania Act 2004-147, [Plaintiff's child] may consent on her own behalf to mental health treatment, as the Child is fourteen years of age." (*Id.* at 2.) Thus, under the terms of the order dictating Plaintiff's custody rights, Plaintiff is not entitled to object to his child receiving treatment.

The Court next turns to Plaintiff's contention that Defendants have violated his constitutional rights. The Court construes Plaintiff as asserting a claim pursuant to 42 U.S.C. § 1983 for violation of his substantive rights under the Due Process Clause of the Fourteenth Amendment. "To state a cause of action under § 1983, Plaintiffs must allege the deprivation of a constitutional right under color of state law." *Anspach ex rel. Anspach v. City of Philadelphia, Dep't of Pub. Health*, 503 F.3d 256, 261 (3d Cir. 2007). A Section 1983 claim requires "a plaintiff [to] prove that the alleged violations are 'fairly attributable to the state.'" *Untracht v. Fikri*, 454 F. Supp. 2d 289, 316 (W.D. Pa. 2006), *aff'd*, 249 F. App'x 268 (3d Cir. 2007) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982)). In other words, the plaintiff must show that "1) the deprivation of federal rights was caused by the exercise of some right or privilege created by the state or by a person for whom the state is responsible; and 2) the party charged with the deprivation was a person who may fairly be said to be a state actor." *Id.* (citing *Lugar*, 457 U.S. at 937).

In the case at bar, Plaintiff has filed suit against a private hospital and its employees. Even under a liberal reading, Plaintiff's Motion lacks any allegations that UPMC is functioning as a

---

[3] Judicial proceedings are public records of which courts may take judicial notice. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

5

state actor. Therefore, Plaintiff's Section 1983 claim fails. *See Est. of Himmelwright v. Brungard*, No. 21-01731, 2022 WL 1295417, at *2 (M.D. Pa. Apr. 29, 2022) (denying Section 1983 against UPMC hospital because "it is a private, nonprofit corporation"); *Gunsallus v. Univ. of Pittsburgh Med. Ctr.*, No. 21-00368, 2022 WL 36368, at *4 (M.D. Pa. Jan. 4, 2022) (dismissing Section 1983 claims as the plaintiff "does not indicate that UPMC, a non-profit corporation, is a state actor" and the complaint failed to "allege facts permitting such an inference"); *Untracht*, 454 F. Supp. 2d at 320 (granting summary judgment to UPMC where plaintiff had failed to show UPMC was state actor).

Even assuming *arguendo* that Plaintiff could prove that UPMC was acting under state color—which he cannot—Plaintiff's Due Process claim would still fail. In *Anspach*, the Third Circuit described the constitutional protections for parental rights. 503 F.3d at 261. The Circuit Court explained that while the Supreme Court has "recognized the right of parents to care for and guide their children" and protected this right under the Constitution, "the parental liberty interest is not absolute." *Id.* (collecting cases). Notably, a parent's right does not "impose a *constitutional* obligation on state actors to contact parents of a minor or to encourage minors to contact their parents" as "[e]ither requirement would undermine the minor's right to privacy and exceed the scope of the familial liberty interest protected under the Constitution." *Id.* at 262 (emphasis in original). Rather, a plaintiff must demonstrate "manipulative, coercive, or restraining conduct by the State." *Id.* at 266; *see Weidow v. Scranton Sch. Dist.*, No. 08-1978, 2009 WL 2588856, at *10 (M.D. Pa. Aug. 19, 2009) ("The key aspect of an unconstitutional infringement of parental rights missing from [the plaintiff's] allegations is the presence of constraint or compulsion by the state actor.").

Moreover, a state actor has no obligation "to act affirmatively in support of" a plaintiff's parental rights. *Weidow*, 2009 WL 2588856, at *11. Even if Plaintiff had alleged a violation of state law regarding parental notification—which Plaintiff here has not—"duties under state law cannot create constitutional rights." *Anspach*, 503 F.3d at 269 (citing *Fagan v. City of Vineland*, 22 F.3d 1296, 1309 n.9 (3d Cir. 1994)). Finally, a parent has "no constitutional right to parental notification of a minor child's exercise of . . . privacy rights." *Anspach*, 503 F.3d at 269.

Accordingly, as Plaintiff has not demonstrated a likelihood of success on the merits, Plaintiff's motion for a temporary restraining order fails on this basis alone, and the Court declines to consider the remaining factors. *See Amede v. Ortiz*, No. 20-7206, 2020 WL 6779134, at *3 (D.N.J. Nov. 18, 2020) (failure to establish a likelihood of success on the merits renders it "inappropriate to award an injunction, and the Court need not consider the remaining factors"); *Cortazzo v. City of Reading*, No. 14-2513, 2015 WL 1380072, at *4 (E.D. Pa. Mar. 26, 2015) ("It is not necessary to address any of the remaining factors for a preliminary injunction in light of plaintiff's failure to show the likelihood of irreparable harm.").

IV.     **CONCLUSION**

For the reasons set forth above, and for good cause shown,

**IT IS** on this 14th day of March, 2024,

**ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 45) is hereby **DENIED**; and

**ORDERED** that the Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular mail.

                                                    _____
                                                    ROBERT KIRSCH
                                                    UNITED STATES DISTRICT JUDGE

Dated: March 14, 2024